1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11  CHRISTOPHER COLON,                    No. 2:08-cv-02463-MCE-EFB

12          Plaintiff,

13      v.                                MEMORANDUM AND ORDER

14  HOME DEPOT U.S.A., Inc.,

15          Defendant.

16
                            ----oo0oo----
17

18      Plaintiff initiated the instant litigation in El Dorado

19  County Superior Court on July 1, 2008.  On October, 17, 2008,

20  pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant subsequently

21  removed to this Court.  Presently before the Court is Defendant's

22  Motion to Dismiss Plaintiff's Complaint for failure to substitute

23  a proper party under Federal Rule of Civil Procedure 25(a).  For

24  the following reasons, Defendant's Motion is denied.[1]

25  ///

26

27      [1]  Because oral argument will not be of material assistance,
    the Court ordered this matter submitted on the briefing.  E.D.
28  Cal. Local Rule 78-230(h).

1

PDF created with pdfFactory trial version www.pdffactory.com

On December 15, 2008, the parties filed a Joint Status Report ("JSR") in which they indicated that Plaintiff had passed away and that Plaintiff's counsel intended to substitute Plaintiff's widow as successor. Pursuant to Rule 25(a), "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting death, the action by or against the decedent must be dismissed." Accordingly, Defendant argues that, since a proper party has yet to be substituted in this action, and because more than 90 days have passed since the filing of the JSR, the case should now be dismissed.

"Although Rule 25(a)(1) could be clearer, a careful reading of the rule coupled with an understanding of its function leads to the conclusion that the rule requires two affirmative steps in order to trigger the running of the 90-day period. First, a party must formally suggest the death of the party upon the record. Second, the suggesting party must serve other parties and nonparty successors or representatives of the deceased with a suggestion of death in the same manner as required for service of the motion to substitute. Thus, a party may be served the suggestion of death by service on his or her attorney, while non-party successors or representatives of the deceased party must be served the suggestion of death in the manner provided by Rule 4 for the service of summons." <u>Barlow v. Ground</u>, 39 F.3d 231, 233 (9th Cir. 1994) (internal citations omitted).

///

PDF created with pdfFactory trial version www.pdffactory.com

1   In reaching its above decision in <u>Barlow</u>, the Ninth Circuit

2   cited to <u>Grandbouce v. Lovell</u>, 913 F.2d 835 (1990), a case in

3   which the Tenth Circuit stated, "The running of the ninety-day

4   limitations period under Rule 25(a)(1) is not triggered unless a

5   formal suggestion of death is made on the record, regardless of

6   whether the parties have knowledge of a party's death.  Mere

7   reference to a party's death in court proceedings or pleadings is

8   not sufficient to trigger the limitations period for filing a

9   motion for substitution."  <u>Grandbouce</u> at 836-837.  The Ninth

10  Circuit also explicitly adopted that same rule as its own in an

11  unpublished opinion, <u>Braden v. Plumbing & Pipefitting Industry</u>

12  <u>Local 38 Convalescent Trust Fund</u>, 967 F.2d 584, *1 (9th Cir.

13  1992).  Therefore, this Court now holds that the mere reference

14  to Plaintiff's death in the JSR was insufficient to trigger the

15  90-day limitations period prescribed by Rule 25(a).

16      Accordingly, Defendant's Motion to Dismiss Plaintiff's

17  Entire Action (Docket No. 13) is DENIED.  Defendant is directed

18  to serve this Order on Plaintiff's successor pursuant to Federal

19  Rule of Civil Procedure 4.  Plaintiff's successor will have

20  90 days from the date of receipt of such service in which he or

21  she may (but is not required to) file a Motion for Substitution.

22  If no Motion for Substitution is filed within that 90-day period,

23  this case will be dismissed with no further notice.

24      IT IS SO ORDERED.

25   Dated: May 13, 2009

26

27                                    _____
                                     MORRISON C. ENGLAND, JR.
28                                   UNITED STATES DISTRICT JUDGE

3

PDF created with pdfFactory trial version www.pdffactory.com