UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER COLON,                        No. 2:08-cv-02463-MCE-EFB

      Plaintiff,

  v.                                      MEMORANDUM AND ORDER

HOME DEPOT U.S.A., Inc.,

      Defendant.

----oo0oo----

Plaintiff initiated the instant litigation in El Dorado County Superior Court on July 1, 2008.  On October 17, 2008, pursuant to 28 U.S.C. §§ 1332 and 1441, Defendant subsequently removed to this Court.  On May 14, 2009, the Court electronically filed a Memorandum and Order denying Defendant's Motion to Dismiss Plaintiff's Complaint for failure to substitute a proper party under Federal Rule of Civil Procedure 25(a).  Presently before the Court is Defendant's Motion for Reconsideration of that decision.  For the following reasons, Defendant's Motion is denied.

///

///

1

1    To reiterate, on December 15, 2008, the parties filed a
2 Joint Status Report ("JSR") in which they indicated that
3 Plaintiff had passed away and that Plaintiff's counsel intended
4 to substitute Plaintiff's widow as successor.  Pursuant to
5 Rule 25(a),[1] "If a party dies and the claim is not extinguished,
6 the court may order substitution of the proper party.  A motion
7 for substitution may be made by any party or by the decedent's
8 successor or representative.  If the motion is not made within 90
9 days after service of a statement noting death, the action by or
10 against the decedent must be dismissed."  Accordingly, Defendant
11 argued that, since a proper party has yet to be substituted in
12 this action, and because more than 90 days have passed since the
13 filing of the JSR, the case should now be dismissed.
14    However, "[a]lthough Rule 25(a)(1) could be clearer, a
15 careful reading of the rule coupled with an understanding of its
16 function leads to the conclusion that the rule requires two
17 affirmative steps in order to trigger the running of the 90-day
18 period.  First, a party must formally suggest the death of the
19 party upon the record.  Second, the suggesting party must serve
20 other parties and nonparty successors or representatives of the
21 deceased with a suggestion of death in the same manner as
22 required for service of the motion to substitute.  Thus, a party
23 may be served the suggestion of death by service on his or her
24 attorney, while non-party successors or representatives of the
25 deceased party must be served the suggestion of death in the
26 manner provided by Rule 4 for the service of summons."

---

28    [1] Unless otherwise indicated, all references are to the Federal Rules of Civil Procedure.

2

1 Barlow v. Ground, 39 F.3d 231, 233 (9th Cir. 1994) (internal
2 citations omitted).
3    In its prior Order, the Court determined the statement of
4 death appearing in the JSR was insufficient to constitute the
5 requisite notice of death and that Defendant had not, prior to
6 bringing its Motion to Dismiss, even attempted to notify
7 Plaintiff's successor under Rule 4.  Thus, the Court refused to
8 dismiss this action.
9    Defendant argues in its instant Motion that the Court should
10 reconsider its prior decision because: 1) Plaintiff is deceased
11 and unable to appear in Court, such that the Opposition filed by
12 his attorney should be stricken; 2) the suggestion of death filed
13 via the JSR was sufficient; 3) no Motion for Substitution has yet
14 been filed by Plaintiff's successor; 4) Plaintiff's attorney has
15 presented no basis for a finding of excusable neglect; and
16 5) Defendant will be prejudiced by substitution.
17    First, Plaintiff's Opposition is irrelevant to the Court's
18 decision because, even without it, the applicable rule of law
19 remains the same.  Defendant, having moved to dismiss for failure
20 to substitute, must point to an adequate suggestion of death and
21 show the Court that any non-party successors have been served
22 pursuant to Rule 4.  Defendant has not done so here and is not
23 entitled to a decision in its favor.
24    Second, as to the adequacy of the suggestion of death, the
25 Court has already determined that the statement in the JSR was
26 insufficient as a matter of law.  None of Defendant's instant
27 arguments support reconsideration at this time.
28 ///

     Third, the Court is aware that no Motion to Substitute has been filed on behalf of any successor to Plaintiff's rights. However, nothing appears in the record before the Court to convince it that the relevant absent party has received adequate notice of death in relation to this suit.  First, the only statement suggesting Plaintiff's widow has the authority to continue this action derives from Plaintiff's attorney. Furthermore, the only evidence that Plaintiff's counsel also represents Plaintiff's widow derives from Defendant's unilateral assertions to the Court.  This Court is not comfortable relying on these statements, consisting of multiple layers of hearsay, to conclude that the proper successor is aware of any need to take action in this litigation.

     Likewise, because there is no reason for this Court to look beyond the basic principles embodied in Rule 25, the Court rejects Defendant's contention that Plaintiff's attorney must show excusable neglect under Rule 6 or that Defendant will be unduly prejudiced by the instant application of Rule 25.

     Finally, Defendant argues that service on Plaintiff's attorney in accordance with Rule 5 should suffice in the instant case because Plaintiff's attorney allegedly represents Plaintiff's widow.  However, Plaintiff's widow is not a party to this action, and the Ninth Circuit is clear that non-parties are to be served in accordance with Rule 4.  See Barlow, 39 F.3d at 233.

///
///
///

4

Moreover, the Court notes that the instant argument directly contradicts Defendant's earlier assertion that Plaintiff's attorney is not permitted to oppose the instant Motion. By making its prior argument that Plaintiff's attorney does not represent Plaintiff's widow or estate, Defendant undermined its ability to now convince the Court that service upon Plaintiff's attorney constitutes proper service upon an absent party.

Accordingly, for the above reasons, Defendant's Motion for Reconsideration (Docket No. 17) is DENIED.[2]

IT IS SO ORDERED.

Dated: June 29, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

5