UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

CHRISTOPHER COLON, an individual,

        Plaintiff,

   v.

HOME DEPOT, U.S.A., INC., a Delaware corporation and DOES I through XX, inclusive,

        Defendants.

No. 2:08-cv-02463-MCE-JFM

**ORDER**

The Motion to Dismiss filed by Defendant Home Depot U.S.A., Inc. ("Home Depot"), brought pursuant to Federal Rule of Civil Procedure 25(a)(1)[1] on grounds that no successor in interest was timely designated following the death of Plaintiff Christopher Colon, came on regularly for hearing on November 12, 2009.

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

1

1  James T. Conley from the law firm of Payne & Fears LLP,
2  represented Home Depot; John G. Platt of Hangtown Legal appeared
3  for Plaintiff.
4      The parties' December 16, 2008 Joint Status Report ("JSR")
5  (Docket No. 9) revealed that Plaintiff had died, and reported
6  Plaintiff's widow's alleged intent to substitute into the case so
7  that she could proceed on behalf of Plaintiff's estate.  On April
8  8, 2009, after more than 90 days had passed since the filing of
9  the JSR, Home Depot moved to dismiss under Rule 25(a)(1) for
10 failure to make the necessary substitution.  The Court denied
11 that Motion by Memorandum and Order filed May 14, 2009, however,
12 finding that the mere reference to Plaintiff's death in the JSR
13 was insufficient to trigger the 90 day period within which
14 substitution could be made.  Instead, we directed Home Depot to
15 file a copy of the Court's May 14, 2009 Order on Plaintiff's
16 successor in order to start that period running.
17     On July 7, 2009, after we denied Home Depot's subsequent
18 reconsideration request, Home Depot personally served copies of
19 both the Court's Orders and a formal statement suggesting death
20 on Plaintiff's widow, Shawn Colon.  After hearing nothing from
21 Plaintiff's attorney, Mr. Platt, counsel for Home Depot wrote
22 Platt on September 15, 2009 asking whether he intended to make
23 any substitution on behalf of the Colon estate.  Mr. Platt did
24 not respond, and Home Depot filed the instant Motion on October
25 6, 2009.
26     Under these circumstances, and for the reasons stated on the
27 record at the time of the November 12, 2009 hearing, Home Depot's
28 Motion to Dismiss (Docket No. 23) is GRANTED.

                                2

1  Home Depot satisfied the provisions of Rule 25(a)(1), and Mr.
2  Platt's admitted failure to do anything with respect to
3  substitution, within the requisite 90 period, mandates dismissal.
4  In light of the action's dismissal under Rule 25(a)(1), Home
5  Depot's Motion for Summary Judgment (Docket No. 26), is DENIED as
6  moot.  The Clerk of Court is directed to close the file.
7       IT IS SO ORDERED.

Dated: November 18, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE